BARRICADE INTERNATIONAL, INC., Plaintiff–Appellant,

v.

STOCKHAUSEN, INC., Defendant–Appellee,

and

Degussa A.G., Defendant–Appellee.

No. 02–1436.

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 2, 2002.

Before MICHEL, CLEVENGER, and PROST, Circuit Judges.

*ORDER*

PROST, Circuit Judge.

Stockhausen, Inc. and Degussa A.G. each move to dismiss Barricade International, Inc.'s appeal for lack of jurisdiction. Barricade opposes. Stockhausen and Degussa each reply. Barricade moves for leave to file a surreply, with surreply attached. Stockhausen and Degussa each oppose.

Barricade brought a five-count diversity action against Stockhausen and its affiliate, Degussa, which was transferred to the United States District Court for the Middle District of North Carolina. The counts included (1) a "Count for Patent Ownership" seeking the imposition of a constructive trust on a patent held by Stockhausen, (2) a demand for rescission of three contracts including a 1995 settlement agreement in which, among other things, Barricade assigned certain rights to Stockhausen, (3) a count to imply a contract between Barricade and Stockhausen, (4) allegations that Stockhausen appropriated Barricade's trade secrets, and (5) allegations concerning trademarks. The district court adopted the magistrate judge's order and recommendation that Barricade's complaint be dismissed for failure to state a claim. Applying state law, the magistrate judge concluded that the settlement agreement was valid and binding and served to bar Barricade's claims and that the rescission claim was barred by the statute of limitations. Barricade appealed.

Pursuant to 28 U.S.C. § 1295(a)(1), this court has exclusive jurisdiction over an

appeal from a final judgment of a district court when the jurisdiction of the district court was based in whole or in part on 28 U.S.C. § 1338, that is "arising under any Act of Congress relating to patents .... " *See* 28 U.S.C. § 1338(a). In *Christianson v. Colt,* 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), the Supreme Court set forth the principles upon which we determine our jurisdiction. Under *Christianson,* § 1338(a) jurisdiction extends "to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Id.* at 808–09. Thus, "[t]he path of appeal is determined by the basis of jurisdiction in the district court." *Abbott Laboratories v. Brennan,* 952 F.2d 1346, 1349–50 (1991).

Here, a plain reading of the language in Barricade's complaint yields only state law claims. In addition to contract claims, Barricade's complaint asserts that it is entitled to ownership of the patent at issue through constructive trust. Such a claim does not arise under federal patent law. *See Jim Arnold Corp. v. Hydrotech Sys., Inc.,* 109 F.3d 1567, 1572 (Fed.Cir.1997) ("[T]he question of who owns the patent rights and on what terms typically is a question exclusively for state courts.... That has long been the law."). The cases cited to by Barricade are inapposite.

Jurisdiction over this appeal properly lies with the United States Court of Appeals for the Fourth Circuit. If this court determines it does not have jurisdiction over an appeal it may, "in the interest of justice," transfer the appeal to the court in which the appeal properly lies. *Christianson,* 486 U.S. at 818 (28 U.S.C. § 1631 confers on a court "authority to make a single decision upon concluding that it lacks jurisdiction—whether to dismiss the case or, 'in the interest of justice,' to transfer it to a court of appeals that has jurisdiction"). Notwithstanding allegations of frivolousness, we conclude that transfer is the proper resolution of this matter.

Accordingly,

IT IS ORDERED THAT:

(1) Stockhausen's and Degussa's motions to dismiss are denied.

(2) Barricade's motion for leave to file a surreply is granted.

(3) The appeal is transferred to the United States Court of Appeals for the Fourth Circuit.